UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIMOTHY R. KNOX, | ) | |
| Petitioner, | ) | 3:11-cv-00584-RCJ-VPC |
| vs. | ) | **ORDER** |
| GREG SMITH, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 11).

**I. Procedural History**

On October 13, 2008, the State charged petitioner with one count of assault with a deadly weapon and one count of aggravated stalking. (Exhibit 3).[1] Petitioner pled guilty to the charges. (Exhibits 5 & 6). On April 8, 2009, the court sentenced petitioner to 12-36 months on Count I and 24-84 months on Count II, to run concurrently to Count I. The court ordered both sentences suspended and placed petitioner on probation for a period not to exceed 60 months. (Exhibits 1 & 18). The judgment of conviction was filed on April 10, 2009. (Exhibit 18).

Petitioner did not file a direct appeal from his conviction. (Exhibits 1 & 40 at n.2). On May 17, 2010, the Nevada Department of Public Safety, Division of Parole and Probation filed a violation

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-13.

report. (Exhibit 23). On June 17, 2010, the state district court held a hearing on the State's motion for revocation of probation. (Exhibit 24). The court granted a continuation of that hearing. (Exhibit 25). On August 12, 2010, the court held the continued hearing on the motion to revoke probation. (Exhibit 1). The court granted the motion and ordered probation revoked. (*Id.*). The court's written order revoking probation was filed August 12, 2010. (Exhibit 26).

On May 5, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 29). By written order filed on June 15, 2011, the state district court dismissed the petition as untimely and lacking in merit. (Exhibit 31).

On July 1, 2011, petitioner filed a petition for writ of certiorari with the Nevada Supreme Court. (Exhibit 33). The Nevada Supreme Court entered an order on July 21, 2011, declining to exercise original jurisdiction over the matter and denied the petition. (Exhibit 35). Notice in lieu of remittitur issued on August 15, 2011. (Exhibit 39).

Petitioner filed a notice of appeal from the denial of his state habeas petition. (Exhibit 36). By order filed November 17, 2011, the Nevada Supreme Court affirmed the dismissal of the petition. (Exhibit 40). The Court found and held:

> Appellant filed his petition on May 5, 2011, more than two years after entry of judgment of conviction on April 10, 2009. [Footnote 2: Appellant did not file a direct appeal]. The district court denied the petition as procedurally barred and without good cause.
>
> In his petition, which challenged the validity of his judgment of conviction, appellant appeared to argue that his petition was timely filed as it was submitted within one year of the August 12, 2010 order revoking probation. We conclude that the district court did not err in rejecting this argument as the time for filing his petition began upon entry of the judgment of conviction. NRS 34.726(1). Appellant's petition filed more than one year after the deadline was late, and appellant failed to provide any statement of good cause. [Footnote 3: The order revoking probation does not provide good cause in the instant case because appellant did not challenge the revocation of his probation. See Sullivan v. State, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).] Accordingly, we

> ORDER the judgment of the district court AFFIRMED. [Footnote 4: In addition to concluding that appellant failed to demonstrate cause for the delay, the district court determined that the claims raised in the petition lacked merit, and thus, appellant failed to demonstrate that he was unduly prejudiced by the denial of his petition as procedurally barred. We need not reach the issue of the merits of the claims raised in the petition because appellant failed to provide any valid argument that he had cause for the delay.]

(Exhibit 40, at pp. 1-2). Remittitur issued on December 13, 2011. (Exhibit 41).

On August 5, 2011, petitioner dispatched his original federal habeas petition to this Court. (ECF No. 1-1). By order filed October 5, 2011, this Court granted petitioner's application to proceed *in forma pauperis*. (ECF No. 4). The Court's order also noted that petitioner failed to file his habeas petition on the court-approved form required by the Local Rules. (*Id.*). Petitioner was given an opportunity to file an amended habeas corpus petition using the proper form. (*Id.*). Petitioner dispatched his amended federal petition on October 18, 2011, and this Court received the amended petition on October 28, 2011. (ECF No. 5-1).

Respondents have filed the instant motion to dismiss the petition. (ECF No. 11). Petitioner filed an opposition. (ECF No. 18). Respondents filed a reply. (ECF No. 20). Petitioner then filed a sur-reply to the reply, which respondents have moved to strike. (ECF Nos. 24 & 25). The Court grants the motion to strike the sur-reply, as it is not permitted under Rule 7-2 of the Local Rules of Civil Practice.

**II. Discussion**

    **A. AEDPA Statute of Limitations**

Respondents argue that the federal habeas petition filed in this Court is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

3

>   judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

>   In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
>   * * *
>
>   What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

### B. Time Period from April 10, 2009 to May 11, 2009

In the present case, the state district court entered petitioner's judgment of conviction on April 10, 2009. (Exhibit 18). Because petitioner did not file a direct appeal after the entry of the judgment of conviction, his conviction became final for purposes of the AEDPA on May 11, 2009. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 652-56 (2012) (when a petitioner does not pursue a direct appeal, his conviction becomes final for purposes of the AEDPA when the time for obtaining review in the state courts expires); *see also* Nev. R. App. P. 4(b)(1(A) (criminal defendant has "30 days after entry of the judgment" to file a notice of appeal, which vests the Nevada Supreme Court with appellate jurisdiction). Thus, the AEDPA statute of limitations began to run on May 12, 2009. Petitioner then had one year, until May 12, 2010, to file the federal habeas petition, unless the time was otherwise tolled by federal statute. *See* 28 U.S.C. § 2244(d)(1),(2).

### C. Time Period from May 12, 2009 to May 5, 2011

Once the thirty days lapsed in which petitioner could file a direct appeal to the Nevada Supreme Court following his conviction, he did nothing until he filed his state post-conviction habeas petition on May 5, 2011. (Exhibit 29). A total of 723 days were not tolled by statute during this time period.

### D. Time Period from May 6, 2011 to August 5, 2011

The state post-conviction habeas petition proceeded through the state courts from May 6, 2011, to November 17, 2011. A properly filed state post-conviction petition tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). A state post-conviction petition that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). Petitioner filed the state post-conviction habeas petition on May 5, 2011. (Exhibit 29). The state district court denied the petition as untimely under NRS 34.726. (Exhibit 31). The Nevada Supreme Court's order of affirmance, filed November 17, 2011, held that the state district court properly dismissed the petition as untimely pursuant to NRS 34.726, and that

petitioner failed to show good cause to overcome the procedural bar. (Exhibit 40). Thus, petitioner's May 5, 2011 state habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. at 412-13. The time period during which petitioners' state habeas petition was pending in state court, May 6, 2011 through November 17, 2011, is not statutorily tolled.[2]

Petitioner dispatched the federal habeas petition to this Court on August 5, 2011. (ECF No. 1-1).[3] As stated above, the AEDPA statute of limitations expired on May 12, 2010. The original federal habeas petition was untimely filed by 793 days. Therefore, the amended petition, filed on September 21, 2012, is likewise untimely.

**E. Arguments Regarding Date of Finality**

In his opposition to the motion to dismiss, petitioner argues that the date of finality for federal habeas corpus purposes should be calculated from August 12, 2010, the date the state court revoked his probation, rather than April 10, 2009, the date the judgment of conviction was entered. The AEDPA statute of limitations period applies to "a person in custody pursuant to a judgment of a State court" which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA's statute of limitations runs from the date of the judgment pursuant to which petitioner is in custody becomes final – this includes probation. *See Caldwell v. Drekte*, 429 F.3d 521, 527 (5th

---

[2] The Court notes that, in the midst of litigating his state habeas petition, petitioner filed a petition for a writ of certiorari directly with the Nevada Supreme Court on July 1, 2011. (Exhibit 33). The Nevada Supreme Court denied the petition on July 21, 2011. (Exhibit 35). Pursuant to Ninth Circuit authority, the petition for a writ of certiorari is deemed "properly filed" for timeliness purposes, allowing the time that the petition was pending in state court to be statutorily tolled. *Blair v. Crawford*, 275 F.3d 1156, 1159 (9th Cir. 2002). Therefore, the AEDPA statute of limitations was tolled for 20 days during this time period, a fact that does not save the petition from being untimely.

[3] The federal petition indicates that petitioner dispatched his petition on August 5, 2011. (ECF No. 1-1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Cir. 2005) (probation orders satisfy the "in custody" habeas requirement and serve as final judgment for AEDPA statute of limitations purposes); *see, e.g. Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner is "in custody" for purposes of habeas jurisdiction while he is on probation). At sentencing, the state district court found petitioner guilty of the crimes of assault with a deadly weapon and aggravated stalking. (Exhibit 1). The court sentenced petitioner to a specific term of imprisonment, which the court suspended and placed petitioner on probation. (Exhibits 1 & 18). This is reflected in the judgment of conviction. (Exhibit 18). In the subsequent order of revocation, the state district court did not re-sentence petitioner or otherwise change his sentence. (Exhibit 26). The only action taken by the court was to revoke probation and order petitioner to serve the underlying previously-imposed sentence. In the petition and amended petition, petitioner challenges his conviction and underlying sentence. (ECF Nos. 1-1 & 9). None of the grounds challenge the revocation of petitioner's probation. The date of finality for AEDPA statute of limitations purposes runs from the date of entry of the judgment of conviction, April 10, 2009, and this Court rejects petitioner's arguments to the contrary.

**F.  Petitioner is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal petition.  Petitioner does not provide any explanation or argument for equitable tolling, other than stating that the failure to review his claims will result in a fundamental miscarriage of justice. (ECF No. 18, at p. 4).  However, petitioner fails to provide any new evidence or argue that he is factually innocent of the crimes, or provide any other argument sufficient to overcome his failure to meet the AEDPA statute of limitations.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

### III. Certificate of Appealability

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (ECF No. 11) is **GRANTED.** The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 25) is **GRANTED.** Petitioner's sur-reply at ECF No. 24 is **STRICKEN** pursuant to Rule 7-2 of the Local Rules of Civil Practice.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 12th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE